Patrick M. Howe
State Bar No. 154669
600 W. Broadway, Suite 1150
San Diego, CA 92101
(619) 232-4261 Phone
(619) 232-4840 Fax
pat@patrickhowelaw.com

Attorney for plaintiff
Josefina Rodriguez

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Josefina Rodriguez, | Case No. **'13CV0177 GPC RBB** |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| | **DEMAND FOR JURY TRIAL** |
| Asset Acceptance, LLC; Fulton; Friedman & Gullace, LLP; and Does 1–10; | |
| Defendants. | |

Plaintiff Josefina Rodriguez alleges as follows:

**JURISDICTION**

1. Jurisdiction exists under 28 U.S.C. section 1331 because this action arises under the laws of the United States.

2. Jurisdiction exists under 15 U.S.C. section 1692k (d) because this action seeks to enforce liability of defendants under 15 U.S.C. section 1692 *et seq.*

**VENUE**

3. Venue is proper under 28 U.S.C. section 1391 because a substantial part of the events alleged herein occurred in this judicial district.

**PARTIES**

4. Plaintiff is a natural person.

5. Plaintiff resides in San Diego County.

6. Plaintiff allegedly has an obligation to pay money arising out of a transaction in which the money which is the subject of the transaction was primarily for personal, family, or household purposes.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. section 1692a (3).

8. Defendant Asset Acceptance, LLC ("Asset"), is a limited liability company.

9. Defendant Asset uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts.

10. Defendant Asset uses the mails in a business the principal purpose of which is the collection of debts.

11. Defendant Asset regularly collects debts owed another.

12. Defendant Asset regularly collects debts due another.

13. Defendant Asset regularly collects debts asserted to be owed another.

14. Defendant Asset regularly collects debts asserted to be due another.

15. Defendant Asset regularly attempts to collect debts owed another.

16. Defendant Asset regularly attempts to collect debts due another.

17. Defendant Asset regularly attempts to collect debts asserted to be owed another.

18. Defendant Asset regularly attempts to collect debts asserted to be due another.

19. Defendant Asset is a "debt collector" as defined in 15 U.S.C. section 1692a (6).

20. Defendant Fulton, Friedman & Gullace, LLP ("Fulton"), is a limited liability company.

21. Defendant Fulton uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts.

22. Defendant Fulton uses the mails in a business the principal purpose of which is the collection of debts.

23. Defendant Fulton regularly collects debts owed another.

24. Defendant Fulton regularly collects debts due another.

25. Defendant Fulton regularly collects debts asserted to be owed another.

26. Defendant Fulton regularly collects debts asserted to be due another.

27. Defendant Fulton regularly attempts to collect debts owed another.

28. Defendant Fulton regularly attempts to collect debts due another.

29. Defendant Fulton regularly attempts to collect debts asserted to be owed another.

30. Defendant Fulton regularly attempts to collect debts asserted to be due another.

31. Defendant Fulton is a "debt collector" as defined in 15 U.S.C. section 1692a (6).

32. The true names and capacities of defendants Does 1–10 are unknown to plaintiff. Plaintiff therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of the fictitiously named defendants when they have been ascertained.

1   Plaintiff is informed and believes and thereon alleges that each defendant

2   designated as "Doe" is a "debt collector" as defined in 15 U.S.C. section 1692a (6).

3       33. Plaintiff is informed and believes and thereon alleges that each defendant,

4   whether specifically or fictitiously named, was the agent, servant, partner, joint

5   venturer and/or employee of each and every other defendant, and while doing the

6   acts hereinafter alleged, was acting within the course and scope of such agency,

7   service, partnership, joint venture, and/or employment with the advance

8   knowledge, acquiescence and ratification of each and every other defendant.

9                                   **FIRST CAUSE OF ACTION**

10                      (**Against all defendants for violation of 15 U.S.C.**

11                              **sections 1692d, 1692e and 1692f**)

12      34. Plaintiff incorporates the allegations in paragraphs 1–33 as though fully set

13   forth within this first cause of action.

14      35. Sometime before March 21, 2012, plaintiff is alleged to have incurred a

15   debt on a credit card account with Citibank Visa.

16      36. The alleged debt was allegedly incurred primarily for personal, family or

17   household purposes.

18      37.  Before March 21, 2012, the ownership of the alleged debt was allegedly

19   assigned by Citibank Visa to defendant Asset.

20      38. Before March 21, 2012, defendant Asset retained defendant Fulton to

21   collect the alleged debt.

22      39. Defendant Asset was in control of defendant Fulton with respect to each

23   allegation in this complaint.

24      40. Defendant Asset directed defendant Fulton with respect to each allegation

25   in this complaint.

26      41. Sometime between January 23 and March 21, 2012, plaintiff received a call

27   on her residential phone from a person acting on behalf of defendants regarding

28   the alleged debt.

42. During the phone call, the person acting on defendants' behalf told plaintiff that defendants wanted $8,000 to resolve the alleged debt.

43. During the phone call, plaintiff told the person acting on defendants' behalf that she could afford to pay only $100 per month to resolve the alleged debt.

44. During the phone call, the person acting on defendants' behalf told plaintiff that defendants would not accept less than $500 per month.

45. During the phone call, the person acting on defendants' behalf told plaintiff to borrow money from another credit card to pay off the alleged debt.

46. Plaintiff told the person acting on defendants' behalf that she would not borrow money from another credit card to pay off the alleged debt.

47. During the phone call, the person acting on defendants' behalf told plaintiff to borrow money from friends to pay off the alleged debt.

48. Plaintiff told the person acting on defendants' behalf that she would not borrow money from friends to pay off the alleged debt.

49. During the phone call, the person acting on defendants' behalf told plaintiff to borrow money from family to pay off the alleged debt.

50. Plaintiff told the person acting on defendants' behalf that she would not borrow money from family to pay off the alleged debt.

51. During the phone call, after no agreement was reached with plaintiff, the person acting on defendants' behalf told plaintiff that defendants were going to get a lien on plaintiff's house if she did not pay the alleged debt.

52. At the time of the phone call, plaintiff, who has no legal training or experience, was unaware that defendants would first have to serve her with a lawsuit to get a lien on her house.

53. At the time of the phone call, plaintiff was unaware that defendants would first have to obtain a judgment against her to get a lien on her house.

54. During the phone call, the person acting on defendants' behalf did not tell plaintiff that defendants would first have to file a lawsuit against plaintiff to get a lien on plaintiff's house.

55. During the phone call, the person acting on defendants' behalf did not tell plaintiff that defendants would first have to obtain a judgment against plaintiff to get a lien on plaintiff's house.

56. After the phone call, as a result of what she was told by the person acting on defendants' behalf, plaintiff was worried and emotionally distraught that defendants would try to take her house.

57. Within a few days thereafter, plaintiff had another phone call with the same person acting on behalf of defendants with respect to the alleged debt.

58. During the phone call, plaintiff again offered to pay $100 per month to satisfy the alleged debt so that defendants would not try to take her house.

59. During the phone call, the person acting on behalf of defendants again told plaintiff that she needed to pay no less than $500 per month.

60. During the phone call, the person acting on behalf of defendants again told plaintiff to borrow money from another credit card to pay off the alleged debt.

61. Plaintiff told the person acting on defendants' behalf that she would not borrow money from another credit card to pay off the alleged debt.

62. During the phone call, the person acting on behalf of defendants again told plaintiff to borrow money from friends to pay off the alleged debt.

63. Plaintiff told the person acting on defendants' behalf that she would not borrow money from friends to pay off the alleged debt.

64. During the phone call, the person acting on behalf of defendants again told plaintiff to borrow money from family to pay off the alleged debt.

65. Plaintiff told the person acting on defendants' behalf that she would not borrow money from family to pay off the alleged debt.

66. The foregoing acts and omissions of defendants, and each of them, constitute numerous and multiple violations of the Fair Debt Collection Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e and 1692f.

67. As a result of each and every violation, plaintiff has suffered actual damages pursuant to 15 U.S.C. section 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k (a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1692k (a)(3).

## SECOND CAUSE OF ACTION

### (Against all defendants for violation of 15 U.S.C. sections 1692d, 1692e and 1692f)

68. Plaintiff incorporates the allegations in paragraphs 1–67 as though fully set forth within this second cause of action.

69. On March 21, 2012, defendant Asset, through defendant Fulton, filed a state court collection lawsuit against plaintiff in San Diego Superior Court in an effort to collect the alleged debt ("Collection Lawsuit I").

70. In the complaint in Collection Lawsuit I, defendants Asset and Fulton alleged that the original creditor on the alleged credit card account, Citibank Visa, had assigned ownership of the account to defendant Asset.

71. Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit I was pending, neither defendant Asset nor defendant Fulton possessed admissible evidence to prove the allegation of an assignment from the original creditor of the alleged debt to defendant Asset.

72. In the complaint in Collection Lawsuit I, defendants Asset and Fulton did not allege a cause of action for breach of contract.

73. Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit I was pending, defendants Asset and Fulton did not

1   allege a breach of contract action because neither possessed admissible evidence to

2   prove the existence of such a contract.

3       74. In the complaint in Collection Lawsuit I, defendants Asset and Fulton

4   alleged that, within the four years before the filing of the complaint, there existed

5   an open book account between plaintiff and the original creditor on the alleged

6   credit card account.

7       75. Plaintiff is informed and believes and thereon alleges that, at all times

8   while Collection Lawsuit I was pending, neither defendant Asset nor defendant

9   Fulton possessed admissible evidence to prove the allegation of an open book

10   account between plaintiff and the original creditor of the alleged debt.

11      76. In the complaint in Collection Lawsuit I, defendants Asset and Fulton

12   alleged that, within the four years before the filing of the complaint, there existed

13   an account stated between plaintiff and the original creditor on the alleged credit

14   card account.

15      77. The allegation in Collection Lawsuit I regarding an account stated was

16   untrue; plaintiff did not agree to an account stated with anyone regarding the

17   alleged credit card account within the four years before March 21, 2012.

18      78. Plaintiff is informed and believes and thereon alleges that, at all times

19   while Collection Lawsuit I was pending, neither defendant Asset nor defendant

20   Fulton possessed admissible evidence to prove the allegation of an account stated

21   between plaintiff and the original creditor of the alleged debt.

22      79. As a result of defendants' conduct, plaintiff incurred out-of-pocket

23   expenses to prepare and file a *pro per* answer to the complaint in Collection

24   Lawsuit I.

25      80. Plaintiff's answer was filed on May 4, 2012.

26      81. Sometime between May 4, 2012 and July 17, 2012, defendant Fulton had

27   telephone conversations with a representative of plaintiff in connection with the

28   claims alleged in Collection Lawsuit I.

82. Plaintiff is informed and believes and thereon alleges that, during the conversations, defendant Fulton, acting on behalf of defendant Asset, represented that it would accept $8,201.97 to resolve Collection Lawsuit I.

83. Plaintiff did not want to suffer the expense and emotional pressure of continuing to defend against Collection Lawsuit I.

84. Thus, upon learning of the representations by defendant Fulton, plaintiff borrowed money from various third parties in order to meet the $8,201.97 demand.

85. On July 17, 2012, plaintiff obtained a cashier's check made payable to defendant Asset for $8,201.97 in order to meet the demand by defendant Fulton.

86. On July 17, 2012, plaintiff provided that cashier's check to the representative who previously spoke to defendant Fulton.

87. Plaintiff is informed and believes and thereon alleges that, within the next few days, plaintiff's representative notified defendant Fulton that the cashier's check had been obtained in the requested amount and that plaintiff was ready to consummate the resolution to which the parties previously agreed.

88. Plaintiff is informed and believes and thereon alleges that, despite the previous representation, defendant Fulton, on behalf of defendant Asset, told plaintiff's representative that the sum of $8,201.97 was no longer sufficient to resolve the claims made in Collection Action I.

89. Plaintiff is informed and believes and thereon alleges that defendant Fulton told plaintiff's representative that a larger sum of money would be required.

90. Plaintiff was neither willing nor able to pay a larger sum of money to resolve Collection Action I.

91. Over the next few months, events occurred in Collection Lawsuit I that resulted in the court striking plaintiff's answer to the complaint.

92. The court in Collection Lawsuit I set a November 9, 2012 order to show cause hearing for defendants Asset and Fulton to explain why they had not yet taken plaintiff's default.

93. Rather than incur the time and expense in obtaining plaintiff's default and appearing at the November 9, 2012 hearing, defendant Asset, through defendant Fulton, served a request for dismissal of Collection Lawsuit I, without prejudice, on October 26, 2012.

94. On November 9, 2012, defendant Asset, through defendant Fulton, served another request for dismissal of Collection Lawsuit I, without prejudice.

95. In late November 2012, plaintiff then received a November 26, 2012 letter from defendant Fulton on behalf of defendant Asset.

96. In the letter, defendant Fulton did not explain why it had filed, served, and then dismissed, without prejudice, Collection Lawsuit I.

97. In the letter, defendant Fulton, on behalf of defendant Asset, told plaintiff that it would file another lawsuit against her if she did not pay $28,446.39 within five days.

98. In the letter, defendant Fulton, on behalf of defendant Asset, told plaintiff that the failure to pay $28,446.39 within five days would result in defendant Asset incurring attorneys fees.

99. In the letter, defendant Fulton, on behalf of defendant Asset, told plaintiff that the failure to pay $28,446.39 within five days would increase plaintiff's "obligation by any attorneys' fees ...."

100. On December 18, 2012, defendant Asset, through defendant Fulton, filed a second state court collection lawsuit against plaintiff in San Diego Superior Court in an effort to collect the alleged debt ("Collection Lawsuit II").

101. The complaint in Collection Lawsuit II alleged the same facts and causes of action as alleged in the complaint in Collection Lawsuit I.

102.   Contrary to what defendants Asset and Fulton told plaintiff would happen if she did not pay them $28,446.39 within five days from November 26, 2012, the complaint in Collection Lawsuit II did not request an award of attorneys' fees because the complaint did not allege a cause of action for breach of contract.

103.   Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit II was pending, defendants Asset and Fulton did not allege a breach of contract action because neither possessed admissible evidence to prove the existence of such a contract.

104.   Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit II was pending, neither defendant Asset nor defendant Fulton possessed admissible evidence to prove the allegation of an assignment from the original creditor of the alleged debt to defendant Asset.

105.   Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit II was pending, neither defendant Asset nor defendant Fulton possessed admissible evidence to prove the allegation of an open book account between plaintiff and the original creditor of the alleged debt.

106.   Plaintiff is informed and believes and thereon alleges that, at all times while Collection Lawsuit II was pending, neither defendant Asset nor defendant Fulton possessed admissible evidence to prove the allegation of an account stated between plaintiff and the original creditor of the alleged debt.

107.   As a result of defendants' conduct, plaintiff incurred out-of-pocket expenses to prepare and file an answer to the complaint and defend herself against the claims made in Collection Lawsuit II.

108.   Plaintiff is informed and believes and thereon alleges that, in filing Collection Lawsuit I and Collection Lawsuit II, defendants Asset and Fulton never intended to take either action to trial and prove up the claims made.

109.   Plaintiff is informed and believes and thereon alleges that such defendants instead used the threat of litigation as a debt collection tactic by

1   causing plaintiff financial and emotional hardship so as to increase the likelihood

2   of collecting the alleged debt from plaintiff, particularly after such defendants

3   learned in Collection Lawsuit I that such efforts had caused plaintiff to go through

4   the emotional hardship of borrowing money from third parties to resolve the

5   alleged debt.

6       110.    The foregoing acts and omissions of defendants, and each of them,

7   constitute numerous and multiple violations of the FAIR DEBT COLLECTION

8   PRACTICES ACT, including, but not limited to, 15 U.S.C. sections 1692d, 1692e and

9   1692f.

10       111.As a result of each and every violation, plaintiff has suffered actual damages

11   pursuant to 15 U.S.C. section 1692k (a)(1); statutory damages in an amount up to

12   $1,000.00 pursuant to 15 U.S.C. section 1692k (a)(2)(A); and reasonable

13   attorney's fees and costs pursuant to 15 U.S.C. section 1692k (a)(3).

14   **PRAYER**

15       112.    Wherefore, plaintiff prays for judgment as follows:

16       113.    Actual damages pursuant to 15 U.S.C. section 1692k (a)(1);

17       114.    Statutory damages of $1,000 pursuant to 15 U.S.C. section

18   1692k (a)(2)(A);

19       115.    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. section

20   1692k (a)(3); and

21       116.    Such further relief that the court deems just and proper.

22

23   Date:  January 23, 2013

24

25   Respectfully submitted,

26   By: */s/Patrick M. Howe*

27   Attorney for plaintiff Josefina Rodriguez

28   E-mail: pat@patrickhowelaw.com

1

**DEMAND FOR TRIAL BY JURY**

2

Plaintiff demands a jury trial on all issues in this action.

3

4

Date:  January 23, 2013

5

6

Respectfully submitted,

7

By: _/s/Patrick M. Howe_

8

Attorney for plaintiff Josefina Rodriguez

9

E-mail: pat@patrickhowelaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28